IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Terry Eugene Reames, | ) | Civil Action Number 3:22-1830-SAL-PJG |
| | ) | |
| Petitioner, | ) | |
| | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| State of South Carolina, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court for review of the July 18, 2022, Report and Recommendation (the "Report") of United States Magistrate Judge Paige J. Gossett, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.). [ECF No. 11.] In the Report, the Magistrate Judge recommends this court deny the petition of writ of habeas corpus and dismiss the petition without prejudice. *Id.* at 4. Attached to the Report was a Notice of Right to File Objections, which informed the parties "[s]pecific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation." *Id.* at 5. Objections were due August 1, 2022. *Id.* As of the date of this Order, an additional 190 days have passed since the deadline for filing objections. No party filed objections to the Report, and the time to do so has lapsed.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. See *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of only those portions of the Report that have been specifically objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the

Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

After a thorough review of the Report, the applicable law, and the record of this case in accordance with the above standard, the court finds no clear error, adopts the report, ECF No. 11, and incorporates the Report by reference herein. Accordingly, the petition for writ of habeas corpus is **DENIED**, and the petition is **DISMISSED WITHOUT PREJUDICE**. Additionally, Petitioner's Motion to Appoint Counsel, ECF No. 15, and Motion for Leave to Proceed in forma pauperis, ECF No. 16, are **DISMISSED AS MOOT**.

It is further ordered that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[1]

**IT IS SO ORDERED.**

February 7, 2023
Columbia, South Carolina

/s/Sherri A. Lydon
Sherri A. Lydon
United States District Judge

---

[1] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."